## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Goddin

v.

Lerner Stores et al.

October 28, 1986

Case No. (Law) 10390

**By JUDGE ALFRED D. SWERSKY**

This matter is before the Court having been taken under advisement after trial on the merits. For the reasons stated Plaintiff must prevail.

It is clear from a reference to the entire lease document that the parties intended to return a separate and self-contained unit at the expiration of the lease. This interpretation is borne out by the different dates of construction in paragraph 5 of the lease on the adjoining properties; by the different dates the leases were signed; by language throughout the lease referring to a single building on the entire demised premises; by the use of the language in paragraph 5 of a "separate and self-contained unit"; and by the requirement that the building becomes a part of the realty to be surrendered to the landlord at the expiration of the lease.

Defendant argues that the landlord waived this requirement by approval of the plans indicating a single building on both tracts or, in the alternative, that the present landlord, Plaintiff, is estopped by this approval to insist on separate buildings. Defendant has failed to carry its burden of proof as to this argument. Such a waiver or an estoppel must be proved by clear, precise

and unequivocal evidence not leaving the matter to inference or conjecture. Since the only evidence presented is the approval of the landlord as to the plans it would be necessary to infer from that alone a waiver or an estoppel. This the Court can not do.

Defendant next argues that they were prevented from performing their obligation by Plaintiff's conduct and that there is no evidence of an anticipatory repudiation on their part so as to justify Plaintiff's action in leasing both parcels in "as is condition." To maintain an action based on anticipatory repudiation "it is not necessary that there be an unequivocal or positive expression of abandonment if the acts and conduct of the obligor evince an intent wholly inconsistent with the intention to perform its contract." *Supervisors v. Ecology One*, 219 Va. 29, 33 (1978). Here, there is ample evidence of Defendant's intent found not only in its refusal to discuss its plans after repeated demands by Plaintiff but in the testimony of its corporate representative that nothing more than a demising wall would be built between the two parcels. This conversation occurred in October, 1985, according to Defendant's own evidence, approximately one month before Mr. Goddin finalized his lease arrangements with the new tenant. Mr. Goddin was justified in believing Mr. Glickman when he stated that the Defendant believed its only obligation to be a demising wall and further was justified in taking appropriate action. Nothing in the Goddin letter of December 11, 1985, constitutes a waiver of his right to insist on performance. Since this is the finding of the Court it necessarily follows that Goddin's actions were not responsible for preventing performance by Defendant. He was justified in making the best deal that he could.

Defendant also argues that no written notice was given of the default pursuant to paragraph 13 of the lease. In view of the constant communications made by Plaintiff, both in writing and verbally, as to the extent and nature of the problem, this argument is without merit. Also without merit is Defendant's contention that The Limited is a separate corporation and no evidence of its liability has been adduced. The course of conduct of The Limited together with the testimony regarding the acquisition of Defendant Lerner by The Limited is

more than ample to find an assumption of the covenants of the lease on its part.

The next determination must be the amount of damages to be awarded. The measure of damages is the lesser of the reasonable costs of repairs and any diminution in the value of the premises caused by the breach. The Court finds from all of the evidence that there is a diminution in the value of the building that exceeds the cost of repair and, therefore, the cost of repair is the appropriate measure of damages, whether or not the landlord actually makes those repairs. See *Vaughn v. Mays*, 127 Va. 148 (1920); *Sharlin v. Theatre, Inc.*, 209 Va. 718 (1969).

In view of the Court's interpretation of the lease the testimony of Defendant's expert DiCamillo as to the so-called "Friendly Scenario" is rejected as inapplicable. Plaintiff's approach, as evidenced by Mr. Simpson's testimony, regarding the construction of a four-hour masonry wall to divide the property appears reasonable in view of the existing structure's construction and in view of Mr. Brown's testimony regarding the alternative "chain saw" approach. The Court finds the reasonable cost of repair to be $130,000.00 based on the testimony of both experts.

Ample evidence was introduced to support Plaintiff's claim for damage to the roof in the amount of $3,000.00. Architect's fees in the amount of $14,875.00 will likewise be awarded.

Plaintiff also claims lost rent for the period that the repairs would have taken. Plaintiff's evidence shows this period to have been anywhere from one month to 26 weeks and the annual rent value of the property to be $89,000.00 per year. Defendant argues that since Plaintiff never undertook to do the restoration contemplated by the lease, damages for lost rent should not be awarded.

While the reasonable cost of repairs has been set as a measure of damages, whether or not the repairs are actually made, in order to prevent the obligor from gaining a windfall from his breach of the contract, no case can be found which includes as a separate item of damages, lost rent for the time the repairs would take to be accomplished. Therefore, the Court finds from the evidence and under the circumstances of this case that the lost rent should not be included as a part of the reasonable cost of repair.

Judgment is hereby awarded to Plaintiff in the amount of $147,875.00 together with interest at the legal rate from the date judgment is entered.